Otis DUNSTON, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES, Respondent,**

**The George Hyman Construction Company, Intervenor.**

No. 84–1620.

District of Columbia Court of Appeals.

Argued Nov. 18, 1985.

Decided May 22, 1986.

George E. Swegman, Washington, D.C., for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., were on brief, for respondent.

Fred S. Sommer, Washington, D.C., for intervenor.

Before NEBEKER, NEWMAN and FER-REN, Associate Judges.

NEBEKER, Associate Judge:

Petitioner Otis Dunston appeals a decision of the Department of Employment Services (DOES) denying his claim for workers compensation benefits. He contends that the hearing examiner erred in not applying the statutory presumption of compensability to his claim and that the final order denying benefits is not supported by substantial evidence. We find no error and affirm.

On August 5, 1982, petitioner was hit by a falling sledge hammer at a construction site where he was employed by George Hyman Construction Company as a carpenter's helper. Thereafter, petitioner suffered chest pain, shortness of breath, and numbness throughout the left side of his body. Petitioner, who is fifty-six years of age, returned to work the following day, but was soon taken to a doctor. He has not worked since.

In September 1982, petitioner came under the care of Dr. Herbert Joseph. Dr. Joseph diagnosed petitioner as suffering from contusion and strain of the left shoulder, ribs and hip, as well as the lumbar and cervical spine. In March of 1983, Dr. Joseph found lingering tenderness in petitioner's neck and shoulder which caused restriction of motion and concluded that petitioner was permanently unable to return to his previous occupation. Other physicians who examined petitioner both before and after Dr. Joseph concluded that petitioner suffered from varying degrees of discomfort in the neck and shoulder area. One physician agreed with Dr. Joseph that petitioner was permanently disabled as a result.[1]

In addition to his orthopedic problems, petitioner sought medical treatment for the depression he experienced as a result of his injury. On August 20, 1983, he was diagnosed as suffering from a post-traumatic stress disorder that rendered him permanently disabled.

Throughout this period, extending from the date of the accident through April 1983, the employer voluntarily paid compensation for petitioner's temporary total disability. The employer stopped voluntary payments on April 27, 1983. On April 4, 1983, petitioner was examined by Dr. Robert Gordon who opined that petitioner was not permanently disabled. This opinion was primarily based upon a shoulder x-ray that looked "fine" and a substantially normal neurological examination. Dr. Gordon concluded that he could find no evidence of any orthopedic condition that prevented petitioner from working.

In addition, a psychiatrist, Dr. Martin Allen, examined petitioner and concluded that petitioner was not suffering from post-traumatic stress disorder. Dr. Allen found no psychiatric disability or impair-

---

1. On August 19, 1982, Dr. Charles Adams concluded that petitioner was permanently disabled. In addition, Dr. Miryam Davis examined petitioner in February of 1983 and found swelling on the left side of the neck which resulted in a limitation of the lateral motion of the neck and shoulder, and in July of 1983, Dr. Lucille Anstine concluded that petitioner suffered from a chronic muscle spasm of the neck:

ment and concluded that emotionally, petitioner was able to work.

Subsequently, petitioner filed a claim pursuant to the Workers' Compensation Act (Act), D.C.Code § 36–301, *et seq.* (1981), seeking permanent total disability for his orthopedic and psychological injuries. Following a hearing at which petitioner testified in his own behalf, the hearing examiner concluded that petitioner was not totally and permanently disabled and recommended that the claim be denied. The recommendation became final on November 20, 1984. Petitioner contends that the hearing examiner erred in not applying the statutory presumption of compensability to his claim. We disagree.

The Act provides that in "a claim for compensation under this chapter it shall be presumed, in the absence of evidence to the contrary, ... [t]hat the claim comes within the provisions of this chapter." D.C.Code § 36–321(1) (1981). This presumption requires the employer to take the initial steps to disprove liability. This preliminary shifting of the burden to the employer exemplifies the "humanitarian nature of the Act," *O'Keeffe v. Smith Associates,* 380 U.S. 359, 362, 85 S.Ct. 1012, 1015, 13 L.Ed.2d 895 (1965) (per curiam) and the "strong legislative policy favoring awards in arguable cases." *Wheatley v. Adler,* 132 U.S.App.D.C. 177, 183, 407 F.2d 307, 313 (1968) (en banc).[2] To defeat a claim for compensation the employer must rebut the presumption of compensability by offering evidence that the claim is not one "arising out of and in the course of employment." *Wheatley v. Adler, supra,* 132 U.S.App. D.C. at 182, 407 F.2d at 312; *Marra Brothers, Inc. v. Cardillo,* 154 F.2d 357 (3d Cir. 1946). When it is established that an inju-

ry or death occurs in the "course of employment," that fact strengthens the presumption that it "arises out of" the employment, and *any doubts as to that* fact should be resolved in the claimant's favor. *Wheatley v. Adler, supra,* 132 U.S.App. D.C. at 182, 407 F.2d at 312; *Vendemia v. Cristaldi,* 95 U.S.App.D.C. 230, 232, 221 F.2d 103, 105 (1955); *Hartford Accident & Indemnity Co. v. Cardillo,* 72 U.S.App. D.C. 52, 54, 112 F.2d 11, 13, *cert. denied,* 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed.2d 1415 (1940); *Gardner v. Director, Office of Workers' Compensation Programs,* 640 F.2d 1385, 1391 (1st Cir.1981).

▇▇▇▇ In this case, it is undisputed that petitioner's injury arose out of and in the course of his employment. With that fact established, the presumption is no longer part of the case and has no application to a determination of the nature and extent of petitioner's injury. Petitioner is entitled to a presumption that his claim is compensable, *i.e.,* that his injury "arises out of" his employment. He is not entitled to a presumption that his injury has left him totally and permanently disabled. *Wheatley v. Adler, supra,* 132 U.S.App.D.C. at 182, 407 F.2d at 312.

▇▇▇ We also conclude that substantial evidence supports the hearing examiner's decision to deny petitioner's claim. Among the competing opinions presented to the examiner was that of Dr. Robert Gordon. It was Dr. Gordon's opinion that based upon a shoulder x-ray that looked "fine," and a substantially normal neurological examination, that petitioner did not have any orthopedic condition that prevented him from working. As to the claimed psychological disability, Dr. Martin Allen testified

---

**2.** The cases cited herein involve interpretation of the statutory presumption contained in The Longshoreman's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, *et seq.* (1982). The LHWCA was replaced by the Act as the statutory basis for workers' compensation in the District of Columbia. *See Hughes v. District of Columbia Department of Employment Services,* 498 A.2d 567, 569 (D.C.1985). The presumptions contained in both statutes are virtually

identical. Compare 33 U.S.C. § 920(a) with D.C.Code § 36–321(1) (1981). Given the similarity between the two sections, cases interpreting § 920(a) are relevant and provide persuasive authority in interpreting § 36–321(1). We note, however, there is one significant difference between D.C.Code § 36–321 (1981) and 33 U.S.C. § 920. That is, the Council deleted "substantial evidence" and inserted only "evidence."

that there was no emotional impediment to petitioner's returning to work.

We should not disturb a decision if it rationally flows from the facts relied upon and those facts or findings are substantially supported by the evidence of record. *McEvily v. District of Columbia Department of Employment Services,* 500 A.2d 1022, 1023 (D.C.1985).

Here, the testimony of Drs. Gordon and Allen, credited by the examiner, provided a substantial basis from which to conclude that petitioner was not totally and permanently disabled from either an orthopedic or psychological standpoint. Accordingly, we find substantial evidence to support the conclusion that petitioner's claim be denied. D.C.Code § 1–1510(a)(3)(E) (1981).

*Affirmed.*