Ethyln W. DAVIS–DODSON, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

Bureau of National Affairs and Royal Insurance Company, Intervenors.

No. 96–AA–37.

District of Columbia Court of Appeals.

Argued Jan. 8, 1997.

Decided July 17, 1997.

---

Karen L. Tibbs, Omaha, NE, for petitioner.

Alfred F. Belcuore, Washington, DC, for intervenors.

David O. Godwin, Jr., Washington, DC, and Bruce A. Levine, Fairfax, VA, were on the brief for intervenors.

Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before WAGNER, Chief Judge, STEADMAN, Associate Judge, and MACK, Senior Judge.

STEADMAN, Associate Judge:

In 1987, petitioner Ethyln W. Davis–Dodson suffered a work-related aggravation of a pre-existing but previously asymptomatic back condition. For about four years, she received partial compensation under the District of Columbia Worker's Compensation Act, D.C.Code §§ 36–301 to –345 (1982).

She appeals a decision of the District of Columbia Department of Employment Services ("DOES") denying her claim for any benefits subsequent to December 2, 1991.

A DOES hearing examiner found (1) that the present condition of her back was due to the natural progression of a pre-existing degenerative lower back disease rather than from the 1987 aggravation of that pre-existing condition suffered in the course of employment, and (2) that, in any event, her condition is not now disabling in that she can work full-time.[1] On appeal, petitioner argues (1) that the hearing examiner failed to properly apply the statutory presumption of compensability for work-related injuries, and (2) that the decision was unsupported by substantial evidence. We agree with petitioner's first argument and in part with her second. Accordingly, we remand the case for further proceedings.

## I.  FACTUAL BACKGROUND

Petitioner was employed by the Bureau of National Affairs ("BNA") in a variety of sedentary positions, most recently as a research assistant, for approximately twenty years. It is not disputed that on May 22, 1987, she experienced a work-related injury when, after sitting for several hours, she developed severe pain in her lower back. Medical examinations revealed a pre-existing degenerative lumbar disc disease which had remained asymptomatic until aggravated on that particular occasion. Dr. Lewis Marshall, her treating physician at the time, released her to return to work on June 22, 1987, with a medically imposed restriction that she not work for longer than a half day. These work hours were later extended to five and then six hours per day by March of 1988. She returned to her usual employment by September of 1988 on a part-time basis, and continued as such to the time of her claim.[2]

Shortly after her disability benefits were terminated in mid-December of 1991, petitioner filed a claim under the Act with the DOES for benefits from December 16, 1991 to the present.[3] In support of her claim she offered the deposition of Dr. Gary Dennis, who treated her from January of 1988 through 1992. Dr. Dennis testified that her degenerative disc problem was not symptomatic before the aggravating incident in 1987. He observed that since her symptoms originated, petitioner's condition occasionally improved or worsened in relation to stress with "intermittent severe episodes of pain." However, he opined that despite periods of exacerbation, her overall condition has remained constant. Dr. Dennis concluded that she could not work in her position for longer than six hours per day.

In rebuttal, BNA offered a report by Dr. John B. Cohen, an orthopedic surgeon who conducted an independent medical evaluation based on a review of the record and an examination conducted in March of 1992. The "Discussion" portion of that report read in its entirety as follows:

> This lady's complaints of low back pain are subjective in nature, but are consistent with degenerative disc disease, complicated by her obesity. She has not had an aggressive work hardening program, and in light of her obesity, is not a really good candidate for one. She has not been treated with oral anti-inflammatories and, instead, takes Parafon Forte p.r.n. I see no reason why she cannot work 8 hours a day. She will have intermittent episodes of low back pain, which may require periods of rest and anti-inflammatory care.
>
> I think the real question here is did she suffer a back injury as a result of sitting

---

1. As used through this opinion, the phrase "present condition" refers to her condition at the time petitioner sought benefits. The record before the hearing examiner closed on June 1, 1992, and is silent with respect to petitioner's condition at any time subsequent thereto or with respect to her later employment or lack thereof.

2. It was stipulated that petitioner received the payment of her full wages from May 23, 1987, through June 28, 1987, while she was not work-

ing at all, and likewise between June 29, 1987, through December 15, 1991, while she was working for her employer on a part-time basis.

3. Specifically, she sought temporary total disability benefits from December 16, 1991, through January 5, 1992, and temporary partial disability benefits after that date to the present, plus reimbursement for all related medical expenses.

for 3–1/2 hours. Sitting does not cause lumbar disc disease. There is no history of a traumatic injury and this lady's body habitus is undoubtedly a contributing factor to her degenerative disc disease. Her prognosis is fair, in light of her chronic complaints of pain, but I should note that she has been working 5 hours a day for a long period of time and I see no reason why she cannot increase it to 8 hours a day.

The hearing examiner found that the disability resulting from "the May 22, 1987 aggravation of claimant's pre-existing degenerative disc disease resolved on or before December 2, 1991," and that "claimant's present condition is causally related to the progress of her degenerative disease," rather than to the 1987 aggravating incident. As a result, petitioner's current condition was found to be noncompensable. Alternatively, the hearing examiner found that even if petitioner's current back pain were causally related to the 1987 aggravation, her present condition was not disabling because she was capable of performing her duties on a full-time basis.

Petitioner filed an Application for Review with the Office of the Director of DOES on April 29, 1994. The Compensation order was affirmed by the Director on December 21, 1995. He observed that the medical record was devoid of substantial evidence showing a causal link between the aggravation and petitioner's present symptomatologies of chronic back pain, and that the flexibility in her sedentary position bolstered the finding that she could work full-time. Petitioner now seeks review in this court pursuant to D.C.Code § 36–322(b)(3).

## II. THE PRESUMPTION

### A.

We begin our review with an examination of the hearing examiner's ruling that petitioner's present condition is unrelated to the 1987 work event, because if and to the extent that ruling is correct, petitioner has no present or future rights to any benefits subsequent to December 1991. Petitioner's attack upon that ruling focuses upon an asserted nonapplication of the presumption of compensability.

■ Under the Workers' Compensation Act, once a claimant demonstrates a work-related event and a subsequent disability, there is a presumption that the claim comes within the provisions of the Act. D.C.Code § 36–321(1). As this court has explained, "[t]he statutory presumption operates to establish a causal connection between the disability and the work-related event." *Baker v. District of Columbia Dep't of Employment Services*, 611 A.2d 548, 550 (D.C.1992). "[I]n order to invoke the presumption, a claimant must provide 'some evidence of the existence of two "basic facts": (1) a death or disability and (2) a work-related event, activity, or requirement which has the *potential* of resulting in or contributing to the death or disability.'" *Parodi v. District of Columbia Dep't of Employment Services*, 560 A.2d 524, 526 (D.C.1989).[4]

■ To rebut the presumption of work-relatedness "the employer must show by substantial evidence that the disability did not arise out of and in the course of the employment." *Baker, supra*, 611 A.2d at 550. "Absent employer evidence 'specific and comprehensive enough to sever the potential connection between a particular injury and a job-related event,' the compensation claim will be deemed to fall within the purview of the statute." *Parodi, supra*, 560 A.2d at 526 (quoting *Ferreira*, 531 A.2d at 655).

Petitioner contends that the hearing examiner failed to apply the presumption to her medical condition as it existed after December 2, 1991. She refers to a portion of the order which stated that "[n]otwithstanding the finding that claimant's preexisting condi-

---

**4.** That a work-related event merely exacerbated an employee's pre-existing condition is no defense to liability under the Act. "[A]n aggravation of a pre-existing condition may constitute a compensable accidental injury under the [Workers' Compensation] Act [even] if petitioner's disability arose *even in part* out of and in the course of [her] employment." *Ferreira v. District of Columbia Dep't of Employment Services*, 667 A.2d 310, 312 (D.C.1995) (citations omitted) (internal quotations omitted).

tion was aggravated by her employment on or about May 22, 1987, claimant must also establish by substantial evidence the continuing nature of said aggravation." Petitioner is correct that this statement is not in accord with the applicable law.

Once a causal connection is shown between a disability and a work-related event, a claimant is entitled to a continuing presumption that the ongoing manifestation of such a disability remains the result of the prior job-related injury until rebutted by substantial evidence presented by the employer. We so held in *Whittaker v. District of Columbia Dep't of Employment Services,* 668 A.2d 844, 846–47 (D.C.1995). In that case, petitioner had been injured in a job site accident which aggravated a pre-existing degenerative arthritis in his right knee, a condition which had until then remained asymptomatic. His benefits were terminated after three years, at which time he filed a claim with DOES for the continuation of temporary total disability benefits. The agency denied his claim because he failed to show "that his continuing loss of wages [was] the result of the *exacerbation* of his pre-existent condition rather than ... a result of the natural progression of the [arthritic] condition." *Id.* at 845. We reversed, holding that the presumption applied to the causal relationship not just between the original injury and the employment but between the current disabling condition and the employment. *Id.* at 846. *See also Baker, supra,* 611 A.2d at 550 (requiring a presumption that claimant's lower back disability was causally related to an earlier job-related accident rather than solely to his pre-existing osteoarthritis). The examiner is thus required "to view the causal relation between a present disability and a job-related injury through the lens, as it were, of the statutory presumption, *unless*

the employer has rebutted the presumption by evidence specific and comprehensive enough to sever the potential connection between the two." *Whittaker, supra,* 668 A.2d at 847 (citations omitted).[5]

### B.

In this case, the examiner did apply the presumption in determining that the petitioner had proven a causal relationship between the original aggravation and her workplace activity in 1987.[6] However, as indicated, he then placed upon petitioner the duty to establish by substantial evidence the continuing nature of the aggravation, without regard to any operative presumption.

In that respect, he noted the conflicting medical testimony of petitioner's treating physician, Dr. Dennis, and that of Dr. Cohen, and stated that he was "persuaded by the opinion of Dr. Cohen that claimant's present condition is causally related to the progress on her degenerative disease." Petitioner challenges the sufficiency of the evidence to support this conclusion.

The scope of our review of the DOES order is defined by the familiar "substantial evidence" standard. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ferreira, supra,* 667 A.2d at 312 (quoting *James v. District of Columbia Dept. of Employment Services,* 632 A.2d 395, 397 (D.C.1993)). We will affirm an agency finding of fact or conclusion of law so long as it is supported by substantial evidence notwithstanding that there may be contrary evidence in the record, as is often the case. *Id.*

5. Contrary to intervenors' assertion, this approach does not for a moment suggest that petitioner should receive compensation "until she returns to a condition healthier than prior to the work related injury." Of course the pre-existing condition remains relevant, and if the employer can show that petitioner's present state is due to those natural causes and the effect of the aggravation has dissipated or been overtaken by the petitioner's worsening condition, liability for compensation ends.

6. He deemed Dr. Cohen's report nonprobative in this regard. While Dr. Cohen in a portion of his report had stated that he could find no causal relationship between claimant's degenerative disc disease and extended sitting, the examiner observed that the causal relationship issue was not between the degenerative disease and the sitting but between the sitting and the disease's aggravation, something that Dr. Cohen did not address at all.

■ Particularly in light of the operative presumption, we are unable to find substantial evidence in the record before us to support the conclusion that the 1987 job-related aggravation had "resolved on or before December 2, 1991," and consequently that petitioner's condition was solely the result of the natural progression of her degenerative spine disorder.

The hearing examiner seems principally to have based this conclusion on the statement by Dr. Cohen that petitioner's complaints were "consistent with degenerative disc disease." [7] That petitioner's medical condition as of March, 1992, was "consistent with" her pre-existing condition cannot alone suffice to support the conclusion that the effects of the 1987 aggravation had disappeared by December of 1991. Dr. Cohen expressed no direct opinion as to the relation between petitioner's current symptoms and her 1987 injury of aggravation, see note 6, *supra,* nor did he remark that her present condition was solely the natural result of her pre-existing condition. The rather ambiguous assertion, even lacking the modifier "only," that a condition is "consistent with" a certain cause does not preclude the possibility that it is also "consistent with" another cause, in whole or in part.

The hearing examiner himself had previously discounted the value of Dr. Cohen's report insofar as it asserted an absence of casual relationship between petitioner's degenerative back condition and extended sitting. *See* note 6, *supra.* As he rightly observed in finding a compensable injury in 1987, the causal relationship issue was not between the degenerative disease and the sitting but rather between the sitting and the *aggravation* of the pre-existing condition, something that Dr. Cohen did not address at all. Dr. Cohen's report suffers from a similar difficulty in its probative value on the crucial issue of the causal relationship between petitioner's 1992 condition and the aggravation that occurred in the 1987 work-related incident.

Reviewing the record as a whole, we cannot conclude that in the face of the presumption, the employer presented "evidence specific and comprehensive enough to sever the potential connection between [the] injury and [the] job-related event." *Parodi, supra,* 560 A.2d at 526.[8]

Insofar as the decision before us is based on the conclusion that petitioner's present disability was in no way job-related, it cannot be affirmed on appeal. *See Baker, supra,* 611 A.2d at 550. We therefore turn to the alternative ground for the hearing examiner's decision.

### III. Present "Disability"

#### A.

■ The hearing examiner ruled that an alternative basis for denying petitioner's claim was that her condition was not presently disabling inasmuch as she could work full-time. *See* D.C.Code § 36–301(8) (" 'Disability' means physical injury or mental incapacity because of injury which results in loss of wages.") Insofar as it relates to petitioner's normal work status and expectation, this finding is supported in the record. We take special note in that regard that the presumption of work-relatedness has no application in determining the nature and extent of the disability. *Baker, supra,* 611 A.2d at 550; *Dunston v. District of Columbia Dep't of Employment Services,* 509 A.2d 109, 111 (D.C.1986).

Dr. Cohen, who conducted a physical examination and a review of petitioner's records in March of 1992, concluded that based on her condition and the sedentary nature of her work, "I see no reason why she cannot work 8 hours a day." Dr. Dennis himself, in his May 1992 deposition, stated that petitioner could work a full eight hour day "if the job description did not require lifting, pulling, pushing; if she could have intermittent

---

**7.** We have set out the full operative portion of Dr. Cohen's rather abbreviated report in Part I.

**8.** The remainder of the record does nothing to sufficiently bolster the hearing examiner's findings. At no point did Dr. Dennis state that the

effects of the May 1987, incident had become resolved. Indeed, he stated in a deposition taken in May of 1992, that her condition remained the same as it had been since the injury, with intermittent periods of exacerbation.

breaks ... but that she should not sit more than four hours in an eight-hour day." [9]

Petitioner, by her own admission, testified that she was permitted to take breaks during her work hours, in addition to a one hour lunch. There is no evidence to suggest that the job required her to sit in a fixed position for hours at a time. Petitioner herself noted that her tasks included xeroxing and frequent walks to and from other buildings. Dr. Dennis opined that she could do such work full-time, stating that "intermittent sitting, gett[ing] it down to four hours, stand[ing], walk[ing] around, do[ing] other things, like most clerical jobs are not just focused on the computer terminal, I think that she could do that."

### B.

However, there is a lingering problem. Dr. Cohen himself acknowledged that petitioner would continue to have "intermittent episodes of low back pain, which may require periods of rest and anti-inflammatory care." Dr. Dennis likewise had expressed his view that petitioner's back problem "waxes and wanes," with "intermittent severe episodes of pain."

The hearing examiner did not address this undisputed testimony of both medical experts in ruling that appellant was no longer disabled in any regard.[10] Apparently recognizing this vulnerability in the hearing examiner's outright denial of any present disability affecting wages to any degree, intervenors assert that the ruling was warranted because "the back pain was found to be a function and result of the natural progression of the preexisting back condition."

However, as indicated in part II of this opinion, that rationale cannot stand in the face of the record here and thus cannot serve to make irrelevant the assertions of both medical doctors with regard to recurrence of back pain and its possible effect on disability. Accordingly, on remand, the question of the petitioner's return to full-time employment capability should be revisited to take into account the effect, if any, of intermittent periods of apparent relapse.

Furthermore, even if petitioner can work full-time, the fact that an employee is not eligible to receive disability benefits under D.C.Code § 36–308 does not necessarily preclude her from receiving reimbursement of causally related medical expenses under D.C.Code § 36–307. The right to medical benefits is separate and distinct from the right to income benefits. *Santos v. District of Columbia Dep't of Employment Services*, 536 A.2d 1085, 1089 n. 6 (D.C.1988). Therefore, even if petitioner can work full-time, she would appear to be entitled to such medical benefits insofar as they are causally related to the work-place aggravation in 1987.

The case is remanded for further proceedings consistent with this opinion.

*So ordered.*

9. With respect to Dr. Dennis's opinion that petitioner still could only work part-time, the hearing examiner had noted that on reviewing Dr. Dennis's reports from 1987 through 1992, the findings were "startlingly similar throughout the course of his treatment of her.... However, based upon these identical findings, Dr. Dennis has opined that claimant could not work at all, or, that she could perform her usual employment duties and responsibilities for four (4), five (5), or six (6) hours." It was this inconsistency that led the examiner to discount his opinion with respect to the casual relationship between the 1987 aggravation and her 1991 physical condition, and the same skepticism seems to have applied with respect to Dr. Dennis's views on her ability to work part or full time.

10. Nor did Dr. Cohen's report give any indication how this acknowledged element of petitioner's condition might relate to his unqualified conclusion that she could work full time.