**SIBLEY MEMORIAL HOSPITAL,**
**Petitioner,**

v.

**District of Columbia DEPARTMENT OF EMPLOYMENT SERVICES,**
**Respondent,**

**Abdul Ghafoor, Intervenor.**

**No. 99–AA–864.**

District of Columbia Court of Appeals.

Submitted Nov. 9, 2000.
Decided Aug. 29, 2002.

---

Clifton M. Mount was on the brief for petitioner.

George E. Swegman, Washington, DC, was on the brief for intervenor.

Before TERRY, RUIZ, and REID, Associate Judges.

RUIZ, Associate Judge:

Sibley Memorial Hospital petitions for our review of the decision of the Director

of the Department of Employment Services reversing and remanding the Compensation Order denying a claim by Abdul Ghafoor for temporary total disability benefits for an injury he sustained on November 10, 1996. The Director reversed the hearing examiner's decision as not supported by substantial evidence and remanded for further findings on whether a work-related injury Mr. Ghafoor suffered in 1995 was aggravated by his commute to work, resulting in the 1996 injury. Sibley contends that the examiner's finding that the November 10, 1996 injury was a new non-work related injury was based on substantial evidence and should not have been reversed. We agree with the Director's decision that the examiner's order should be reversed, but conclude that no remand is necessary.

## I. FACTUAL SUMMARY

Abdul Ghafoor, who was employed as a medical technologist with Sibley Memorial Hospital, incurred a low back injury arising out of and in the course of his employment with Sibley on August 24, 1995. After his injury, Mr. Ghafoor sought medical care, began physical therapy three times a week and was given medication. That injury caused Mr. Ghafoor to miss work intermittently, and Sibley voluntarily paid temporary total disability benefits through October 7, 1995. Thereafter, Mr. Ghafoor returned to work full-time for over a year, until November 7, 1996.[1] According to Mr. Ghafoor, his back problems did not go away, however, and he experienced pain at work. He continued to be seen by his family physician, Dr. Ventzek, to whom he complained about the same back problems. In June of 1996, he went to see Dr. Ventzek and he was seen again at Commonwealth Orthopaedics and Rehabilitation la-

ter that year, on October 29, 1996, where they gave him a back brace and referred him for an MRI. On November 6, 1996, an MRI showed a "central disc protrusion with mild spinal stenosis L1–2." Dr. Ventzek opined that Mr. Ghafoor suffered from lumbar discogenic disk disease causally related to the 1995 work-related incident and his long drive to and from work.

The event that precipitated the present claim occurred on November 10, 1996, when Mr. Ghafoor experienced a flare-up of his lower back pain and suddenly collapsed while visiting family and friends. This incident forced him to be hospitalized, and he was advised not to return to work due to the severity of his lower back pain. Following the recommendation of orthopaedic specialists to whom he had been referred, Mr. Ghafoor again underwent physical therapy. At the recommendation of Dr. Ventzek and his treating orthopaedist, Dr. Maurath, who thought the long commute to work was contributing to his back problems, Mr. Ghafoor sought a new job which was closer to his home in Dale City, Virginia, and resigned his position with Sibley Hospital in January 1997. He then claimed temporary total disability benefits from November 8, 1996 through January 7, 1997.

In denying Mr. Ghafoor's claim for benefits, the hearing examiner found that Mr. Ghafoor sustained a non-compensable, non-work related new injury on November 10, 1996. The hearing examiner made this finding based on subsidiary findings that Mr. Ghafoor did not suffer a recurrence of the 1995 work injury on November 10, 1996, that Mr. Ghafoor's lower back injury arising from the 1995 work-related slip and fall had resolved within a matter of weeks, and that Mr. Ghafoor had success-

---

**1.** Mr. Ghafoor was off from work on November 8th and 9th, 1996, and was due back at work on midnight on the 10th.

fully performed his regular work duties as a medical technologist for more than a year, with no injury-related absences, before the November 10, 1996 incident.

The Director determined that the hearing examiner's finding that the November 10, 1996 injury was new and not work-related was not supported by substantial evidence, and remanded with directions that the hearing examiner make findings on whether Mr. Ghafoor's commute aggravated his 1995 work-related injury.

## II. ANALYSIS

■■■ "[I]t is the Director's final decision, not the examiner's, which may be reviewed by this court." *St. Clair v. District of Columbia Dep't of Employment Servs.*, 658 A.2d 1040, 1044 (D.C.1995) (per curiam). Under the District of Columbia Administrative Procedure Act, we review the Director's decision under the "substantial evidence" standard, *see Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.*, 683 A.2d 470, 472 (D.C.1996), and "will not disturb the agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record." *Oubre v. District of Columbia Dep't of Employment Servs.*, 630 A.2d 699, 702 (D.C.1993) (citations omitted). In this case, the Director determined that the hearing examiner's decision was not supported by substantial evidence that Mr. Ghafoor sustained a new injury unrelated to work, and remanded the case to the hearing examiner for consideration of the issue whether the commute to work aggravated his prior work injury. We agree that the hearing examiner's decision that Mr. Ghafoor's 1996 injury was new is not supported by substantial evidence, but disagree with the Director's remand order.

■■■ We consider first the question of our jurisdiction, which is not addressed by the parties. An order remanding the case to the hearing examiner is usually not a final appealable order. *See Washington Hosp. Ctr. v. District of Columbia Dep't of Employment Servs.*, 712 A.2d 1018, 1020 (D.C.1998). In the posture of this case, however, where the presumption of compensability was raised and the Director correctly determined there was no substantial evidence to support the hearing examiner's finding that Sibley overcame the presumption, there was no cause for a remand. *Cf. id.* (noting that agency decision could not be reviewed without factual findings). Thus, the matter was finally resolved in claimant's favor as a matter of law, and became appealable.

■■■ A claimant is entitled to a rebuttable presumption that his injury arose out of and in the course of his employment, if he produces credible evidence of an injury and of a work-related event which has the potential of causing the injury. *See Whittaker v. District of Columbia Dep't of Employment Servs.*, 668 A.2d 844, 845 (D.C.1995). The examiner must presume a causal relation between the present disability and the work-related injury, unless "the employer has rebutted the presumption by 'evidence specific and comprehensive enough to sever the potential connection' between the two." *Id.* at 847 (emphasis added) (quoting *Parodi v. District of Columbia Dep't of Employment Servs.*, 560 A.2d 524, 526 (D.C.1989)); *see also Brown v. District of Columbia Dep't of Employment Servs.*, 700 A.2d 787, 791 (D.C.1997) (stating that burden shifts to employer to produce "substantial evidence" demonstrating that the disability did not arise out of and in the course of employment).

In this case, the hearing examiner invoked the presumption, noting that "there is sufficient evidence to invoke the presumption in the medical reports of Dr. Ventzek, claimant's treating physician,"

and that "Dr. Ventzek opined claimant suffered from lumbar discogenic disk disease causally related to the 1995 work related incident and claimant's long drive...." In subsequently ruling against Mr. Ghafoor, the hearing examiner determined that Sibley provided adequate rebuttal evidence, and after weighing the evidence, concluded that because Mr. Ghafoor's 1995 work injury had resolved, and had not recurred, the 1996 incident was not work-related, but caused by his forty-mile drive to visit his family on November 10, 1996.

■■ Sibley did not contest that the presumption of compensability was properly invoked, nor does it on appeal. Rather, Sibley argued before the agency and argues now that the presumption was rebutted and the examiner's further findings substantially supported by the claimant's admission that his "principal difficulty" with his back was caused by driving (and not by sitting at work) and the opinions and assessments of his treating physicians that his injuries were due to his driving long distances.[2] The legal issue is whether this evidence was "sufficient and comprehensive enough" to rebut the presumption. We hold that it was not. Mr. Ghafoor's statement that he experienced the most back pain while driving does not negate that he had continuing back pain since he injured his back on 1995. *See Davis–Dodson v. District of Columbia Dep't of Employment Servs.*, 697 A.2d 1214, 1219 (D.C. 1997) (evidence "consistent with" pre-existing condition insufficient to rebut presumption). Although an employer need not introduce its own medical experts in every case, and may rely on the opinion of the claimant's physicians, their statements in this case do not help Sibley overcome the presumption of compensability.[3] To the contrary, Mr. Ghafoor's doctors expressly opined that his 1996 injury was causally related to the 1995 injury, which had been aggravated by his driving. Moreover, their medical records supported Mr. Ghafoor's testimony that his back had continued to trouble him throughout 1996 and that his 1995 work-related injury was recurrent, as Mr. Ghafoor continued to seek treatment for his back pain in June and October of 1996, confirmed by an MRI on November 6, 1996—all before the November 10, 1996 incident.

Sibley's argument, adopted by the hearing examiner, that Mr. Ghafoor's 1995 work injury had resolved, and that he suffered a "new injury" on November 10, 1996, caused by driving forty miles on that day was unsupported by his admission that his "principal difficulty" with his back was caused by driving, and contradicted by medical testimony. It also appears otherwise unfounded if one considers Mr. Ghafoor's uncontested testimony that he had been driving a considerable distance to and from work without major incident for over one year after his 1995 work injury. Therefore, we agree with the Director that the employer did not present rebuttal evidence "specific and comprehensive enough" to sever the causal connection

---

**2.** Sibley also presented surveillance tapes which purportedly showed Mr. Ghafoor ambulating without constraint. The hearing examiner, who observed the video, found that "there was nothing on the tape which was demonstrably persuasive, one way or the other."

**3.** Sibley seemed to rely primarily on certain ambiguities in parts of Mr. Ghafoor's evidence, specifically, the difficulty his treating physicians had pinpointing his symptoms, and on their recommendation that he drive shorter distances in order to relieve his symptoms. This court has held that "negative evidence, in some circumstances, may be adequate to inform a factual determination," *Brown*, 700 A.2d at 792, but not if it would require "undue speculation." *Id.* at 793. In view of the treating physician's clear opinion that the 1996 injury was causally related to the 1995 work injury, there is no "negative evidence."

between the back injury claimant suffered on November 10, 1996 and his 1995 work-related injury. *Whittaker*, 668 A.2d at 847. In remanding the case, the Director noted that neither Sibley in its submissions, nor the hearing examiner in denying the claim, addressed whether Mr. Ghafoor's commute aggravated his 1995 back injury.[4] As the employer has not sustained its initial burden, however, there is no need for a remand. Where the presumption of compensability is not rebutted, "the compensation claim will be deemed to fall within the purview of the statute," and the claimant is entitled to compensation. *Parodi*, 560 A.2d at 526.

*So ordered.*

---

4. Mr. Ghafoor agrees that if his sole claim were that the commute aggravated his 1995 work injury, he would not be entitled to compensation. In light of our disposition, we need not address this issue.