**Walter L. McNEAL, Jr., Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**Washington Metropolitan Area Transit Authority, Intervenor.**

**No. 05–AA–931.**

District of Columbia Court of Appeals.

Argued Dec. 8, 2006.

Decided Feb. 22, 2007.

Benjamin T. Boscolo, Greenbelt, Maryland, for petitioner.

Robert J. Spagnoletti, Attorney General for the District of Columbia at the time the statement was filed, and Edward E. Schwab, Deputy Attorney General, filed a statement in lieu of brief for respondent.

Donna J. Henderson, Associate General Counsel, with whom Carol B. O'Keeffe, General Counsel, and Mark F. Sullivan, Deputy General Counsel, were on the brief, for intervenor.

Before FISHER, BLACKBURNE–RIGSBY, and THOMPSON, Associate Judges.

FISHER, Associate Judge:

This case arises from the denial of petitioner's claim for workers' compensation benefits. Concluding that the Department of Employment Services "misapprehended the statutory presumption favoring causation," *Whittaker v. District of Columbia Dep't of Employment Servs.*, 668 A.2d 844, 844 (D.C.1995), we reverse and remand for further proceedings.

## I. The Factual and Procedural Background

The evidence establishes that Walter McNeal, Jr., was struck or at least "lightly contacted" by a bus, but there are significantly different versions of what happened. McNeal testified that he was working in WMATA's bus garage on December 3, 2002. He was talking with his co-worker, Felton Lowery, when a bus drove past "real fast" and hit him as it turned. McNeal explained: "It was the rear right, rear right. When he swung out, that's when it hit me. When he went left, the bus went right, and that's when I got hit." The bus hit the back of his head down through his back. According to McNeal, the contact pushed him "into the left side of another bus," causing him to hit his wrist. McNeal testified that he fell to one knee before Mr. Lowery came to his aid, helping him stand. After making an initial report, Mr. McNeal went to the emergency room at Providence Hospital.

This was the first of many examinations, by several specialists, over the course of the next few months. Beginning with the trip to the emergency room, McNeal consistently complained of neck pain. Several of the resulting reports indicated that McNeal had a limited range of motion in his neck and was experiencing muscle tenderness and spasm. An MRI conducted in February indicated that McNeal suffered from a herniated disc of the cervical spine, and an EMG performed the same month showed bilateral radiculopathy. At least three of the physicians attributed these injuries to the work incident described by McNeal. McNeal underwent surgery on his neck on July 11, 2003, and since that time he has been unable to return to work. Based on McNeal's testimony and the medical reports he submitted, Administrative Law Judge Jeffrey Russell determined that there was sufficient evidence to invoke the presumption of compensability established in the Workers' Compensation Act, D.C.Code § 32–1521(1) (2001). However, for reasons we explain below, the ALJ concluded that the presumption ultimately fell from the case.

After considering the evidence offered by WMATA, including the testimony of Mr. Lowery, the eyewitness, the ALJ found that "the incident in the garage was as Mr. Lowery described it, and not as described by [Mr. McNeal]." ALJ Russell concluded that the incident "was not forceful enough to cause [McNeal] to have struck the stationary bus, to lurch forward to any significant degree, to fall or slip to one knee, or to lose consciousness." He

summarized Mr. Lowery's testimony as follows:

> [McNeal] and he were standing in the garage talking, when a bus making a turn behind [McNeal] "lightly contacted" [McNeal's] upper back and shoulder area. According to [Mr. Lowery], the force of the contact was not sufficient to cause a "lunge" or a fall; he testified that [McNeal] did not get pushed into the bus next to which they were standing; he stated that [McNeal] did not fall in any fashion, including falling to one knee, and that [Mr. Lowery] did not assist [McNeal] to his feet; he denied that [McNeal] looked or stated that he was "dazed"; and he testified that [McNeal] made no expression of or sounds suggesting injury.

McNeal's supervisor, Ms. Mills, stated that McNeal did not appear to have been injured when she saw him shortly after the accident. She also contradicted McNeal's claim that she had helped him down the stairs.

In addition to the testimony of its employees, WMATA offered various medical reports. However, the ALJ's Compensation Order does not refer to, and WMATA has not cited, any medical reports or testimony opining that the injuries McNeal complained of were not caused by, or could not have been caused by, the light contact of the moving bus against his upper back and shoulders.

The ALJ determined that McNeal's "medical evidence is totally undermined because all of it, even the IME [independent medical examiner] opinions, [is] based upon a false and significantly misleading premise, to wit, that [McNeal] suffered a severe and significant trauma." He held that the statutory presumption was rebutted "because there is no evidence in this record that such an inconsequential brushing of [McNeal's] shoulder has the poten-

tial to cause the complained of injuries." After weighing the evidence without considering the presumption, the ALJ concluded that McNeal "did not sustain an accidental injury arising out of and in the course of his employment with [WMATA]."

The Compensation Review Board decided that there was "nothing lacking in the ALJ's analysis of [WMATA's] rebuttal evidence" and that there was "substantial evidence of record" to support his conclusion that WMATA "ha[d] met its burden of producing circumstantial evidence, specific and comprehensive enough to sever the presumption."

## II. The Presumption of Causation

The District of Columbia Workers' Compensation Act includes a presumption that a "claim comes within the provisions of this chapter." D.C.Code § 32–1521(1) (2001). That presumption, "designed to effectuate the humanitarian purposes of the statute, reflects a 'strong legislative policy favoring awards in arguable cases.'" *Ferreira v. District of Columbia Dep't of Employment Servs. (Workers' Compensation)*, 531 A.2d 651, 655 (D.C.1987) (quoting *Wheatley v. Adler*, 132 U.S.App.D.C. 177, 183, 407 F.2d 307, 313 (1968) (en banc)). The Act's terms, including the presumption, are "to be construed liberally for the benefit of employees and their dependents." *J.V. Vozzolo, Inc. v. Britton*, 126 U.S.App. D.C. 259, 262, 377 F.2d 144, 147 (1967).

To benefit from the presumption, a claimant must make an initial demonstration of "two 'basic facts': [1] a death or disability and [2] a work-related event, activity, or requirement which has the *potential* of resulting in or contributing to the death or disability." *Ferreira*, 531 A.2d at 655 (emphasis in original). If the claimant makes this initial showing, "[t]he presumption then operates to establish a causal

connection between the disability and the work-related event, activity, or requirement." *Id.* (citing *Swinton v. J. Frank Kelly, Inc.,* 180 U.S.App.D.C. 216, 223, 554 F.2d 1075, 1082 (1976)). "Once the presumption is triggered, the burden is upon the employer to bring forth 'substantial evidence' showing that death or disability did not arise out of and in the course of employment." *Id.* at 655 (quoting *Hensley v. Washington Metropolitan Area Transit Authority,* 210 U.S.App.D.C. 151, 154, 655 F.2d 264, 267 (1981)). *See Washington Hosp. Ctr. v. District of Columbia Dep't of Employment Servs.,* 744 A.2d 992, 1000 (D.C.2000) (the employer only needs to rebut the causal connection with "substantial evidence," not "absolute certainty"). There is "substantial evidence" to rebut the presumption where the employer presents "circumstantial evidence specific and comprehensive enough to sever the potential connection between a particular injury and a job-related event." *Ferreira,* 531 A.2d at 655. *See Whittaker,* 668 A.2d at 847. When considering the evidence, the administrative law judge must resolve "doubts as to whether the injury arose out of the employment ... in the claimant's favor." *Baker v. District of Columbia Dep't of Employment Servs.,* 611 A.2d 548, 550 (D.C.1992) (citing *Wheatley,* 132 U.S.App. D.C. at 182, 407 F.2d at 312).

## III. Analysis

■ The central issue is whether WMATA produced specific and comprehensive evidence sufficient to sever the presumption of a causal link between McNeal's neck injuries and his employment. We begin by noting our standard of review.

### A. Standard of Review

■ Under the Administrative Procedure Act, *this court may overturn a decision of the CRB only if it is arbitrary,* capricious, an abuse of discretion, or otherwise not in accordance with law. *See* D.C.Code § 2–510(a)(3) (2001); *Clark v. District of Columbia Dep't of Employment Servs.,* 772 A.2d 198, 201 (D.C.2001). "We will not disturb the agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record." *Washington Metropolitan Area Transit Authority v. District of Columbia Dep't of Employment Servs.,* 683 A.2d 470, 472 (D.C.1996) (quoting *Oubre v. District of Columbia Dep't of Employment Servs.,* 630 A.2d 699, 702 (D.C.1993)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Children's Defense Fund v. District of Columbia Dep't of Employment Servs.,* 726 A.2d 1242, 1247 (D.C.1999) (citation omitted). Although we normally apply a very deferential standard of review, "we will not affirm administrative determinations which reflect a faulty application of the law." *Parodi v. District of Columbia Dep't of Employment Servs.,* 560 A.2d 524, 526 (D.C.1989).

### B. The Presumption of Causation Remained in the Case

WMATA does not challenge the ALJ's determination that McNeal triggered the presumption of a "medical causal relationship between [the] alleged disability and the accidental injury," and it could not fairly do so. McNeal's testimony and various medical records reported that he was at work when a bus struck his back and neck and that shortly thereafter he was diagnosed with neck injuries. As the CRB recognized, the ALJ "properly shifted the burden to [WMATA] to produce evidence that is substantial, specific and comprehensive enough to sever the potential employment connection."

The ALJ undoubtedly acted within the scope of his authority when he adopted Mr. Lowery's version of events over McNeal's account,[1] but that assessment of credibility did not displace the presumption under the peculiar circumstances of this case. That is because the testimony credited by the ALJ still established a work-related event—that one of WMATA's buses "contacted [McNeal's] upper back and shoulder area," albeit "lightly." Moreover, soon after this event there was objective medical evidence that McNeal had a herniated disc of the cervical spine and bilateral radiculopathy. WMATA's evidence fell short of being "specific and comprehensive" enough to sever the potential connection between McNeal's documented injury and the bus incident.

The attack upon McNeal's credibility was largely successful, and in that sense WMATA rebutted his claim. However, on this record it was not enough for the employer to show that McNeal's encounter with the bus was less dramatic than he alleged. As we explained in *Ferreira,* "failing to consider other possible employment-related causes of a disability is antithetical to the statutory and regulatory scheme." 531 A.2d at 659. Most importantly, we held that alternative explanations for an injury may keep the presumption of compensability in play. The record in *Ferreira* revealed possible alternative, work-related, causes of the injuries, and we held that "[w]ith even less compelling evidence, the hearing examiner would have been required to apply the statutory presumption of compensability to this claim." *Id.*

◼ In *Ferreira* the employee claimed that she had been injured by "a specific lifting incident," but the hearing examiner discredited her testimony and denied compensation. 531 A.2d at 654. We explained that this was not enough. "The final flaw in the DOES decision [was] its failure to consider alternative work-related causes of petitioner's disability after rejecting her contention that a specific lifting incident occurred on October 28, 1982." *Id.* at 657. *See also Murray v. District of Columbia Dep't of Employment Servs.,* 765 A.2d 980, 985 (D.C.2001). "Under our Act, if one theory of employment causation has the potential to result in or contribute to the disability suffered, the presumption is triggered." *Ferreira,* 531 A.2d at 660.

Here the ALJ did not have to look far to find an alternative, work-related, potential cause of petitioner's disability—Lowery's testimony provided it. To be sure, the ALJ opined that "a physical contact of [such] insignificant force" did not have the potential to cause McNeal's injuries. In doing so, however, the ALJ essentially substituted his own judgment on the issue of causation. His conclusion is not supported by any evidence, expert or circumstantial, and it is not self-evident to us that contact between a moving bus and a person's upper back and shoulder area lacks the potential for causing such injuries, even when the contact is only a "minor brush."

We will assume that ALJ Russell could disregard the medical opinions regarding causation offered by McNeal, having concluded that they were based on inaccurate descriptions of the event. *See Olson v. District of Columbia Dep't of Employment Servs.,* 736 A.2d 1032, 1038 (D.C.1999) (hearing examiner did not err by discrediting the testimony of claimant's doctor as to

---

1. *See Charles P. Young Co. v. District of Columbia Dep't of Employment Servs.,* 681 A.2d 451, 457 (D.C.1996) ("[c]redibility determinations are exclusively within the domain of the fact-finder[;] ... the examiner's personal observation of the demeanor and conduct of the witnesses is entitled to great weight").

causation when the doctor "did not have [claimant's] complete medical history"). But WMATA offered no evidence of its own on this subject.[2] We thus confront the question of which side loses in circumstances like this, where we are left with no competent evidence to explain whether the event ·described by Lowery could have caused McNeal's injuries. The presumption of compensability provides the answer.

"The statutory presumption applies as much to the nexus between an employee's malady and his employment activities as it does to any other aspect of a claim." *Swinton v. Kelly,* 180 U.S.App. D.C. at 223, 554 F.2d at 1082 (construing the Longshoremen's and Harbor Workers' Compensation Act).[3] McNeal was not obliged to present expert opinion of causation in order to enjoy the benefit of the presumption. "It was not [his] burden to do that unless and until the employer pre-

sented sufficient evidence to rebut the presumed causal connection." *Id.* at 223 n. 35, 554 F.2d at 1082 n. 35. Because WMATA did not present such evidence, the presumption controls.[4]

It is conceptually difficult to say whether WMATA failed to rebut the presumption of causation triggered by McNeal's testimony or whether its reliance on Lowery's testimony triggered a new, un-rebutted, presumption, but we do not need to answer this metaphysical question. Where, as here, the record reveals an alternative theory of employment causation, *Ferreira* teaches that the presumption of causation still applies. Because the Compensation Order did not address the presumption that arose from the bus incident as the ALJ found it occurred, the ALJ's finding that WMATA's evidence had overcome the statutory presumption was not in accordance with law, and the CRB erred by affirming that order. We reverse and

---

2. WMATA was· not necessarily required to present expert opinion in order to rebut the presumption. We have acknowledged that "circumstantial evidence" may be enough. *See Ferreira,* 531 A.2d at 655.

3. "Before 1980, persons employed in the District of Columbia were covered by workers' compensation under the Longshoremen's and Harbor Workers' Compensation Act ('LHWCA'), 33 U.S.C. §§ 901 *et seq.* In 1980, however, the Council of the District of Columbia enacted the District of Columbia Workers' Compensation Act ... which borrowed heavily from the LHWCA." *Pannell–Pringle v. District of Columbia Dep't of Employment Servs.,* 806 A.2d 209, 211–12 (D.C.2002) (citations omitted). "The presumptions contained in both statutes are virtually identical. *Compare* 33 U.S.C. § 920(a) *with* D.C.Code § [32–1521(1) (2001)]. Given the similarity between the two sections, cases interpreting § 920(a) are relevant and provide persuasive authority in interpreting § [32–1521(1)]." *Dunston v. District of Columbia Dep't of Employment Servs.,* 509 A.2d 109, 111 n. 2 (D.C.1986).

4. We have found no case where this court has held that claimants must always offer medical evidence to establish a "potential" causal link between a particular work-related incident and a claimed injury. *See Washington Hosp. Ctr. v. District of Columbia Dep't of Employment Servs.,* 744 A.2d 992, 997–98 (D.C.2000) (claimant's testimony that she felt pain when she lifted a patient, "even standing alone, might well have been sufficient to invoke the statutory presumption of causation") (citing *Int'l Sec. Corp. of Virginia v. McQueen,* 497 A.2d 1076, 1080 (D.C.1985)). Here it is undisputed that a moving bus contacted an employee on the same part of the body where he suffered injuries. We do not attempt to describe a general rule for the minimum showing claimants must make to establish "a work-related event ... which has the *potential* of resulting in or contributing to the death or disability," *Ferreira,* 531 A.2d at 655, but the evidence credited by the ALJ in this case clearly was sufficient to trigger the presumption. We also do not imply that the statutory presumption can never be overcome through evidence that an employee was untruthful in describing the workplace incident.

remand for further proceedings not inconsistent with this decision.

*So ordered.*