William BAKER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

Safeway Trails, Inc., et al., Intervenors.

No. 90–AA–1245.

District of Columbia Court of Appeals.

Argued May 21, 1992.
Decided Aug. 4, 1992.

---

7. Further, appellant contends that since appellee had not been ready and able to settle at the time of settlement, Mr. Johnson thereafter had disavowed an already non-existent contact, and hence by the time Mr. Johnson disavowed the contract, there was no contract with which appellant could interfere.

George E. Swegman, Washington, D.C., for petitioner.

John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Philip R. Murray, with whom Robert P. Scanlon, Rockville, Md., was on the brief, for intervenors.

Before FERREN and FARRELL, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

Appellant William Baker ("Baker") was employed as a charter bus driver by Safeway Trails, Inc., a charter bus company. On April 17, 1987, Baker sustained an injury to his lower back when the steering wheel of the bus he was driving locked as he made a tight left turn. Liberty Mutual Insurance Company, the intervenors' insurance carrier, voluntarily paid Baker temporary total disability benefits from mid-April through late June 1987. Liberty Mutual suspended payments in late June 1987.

Initially Baker sought treatment from Dr. Harold Goald. Dr. Goald opined that the April 1987 injury aggravated a "previously diagnosed condition of cervical disc syndrome with lumbar disc sprain." Baker was later referred to Dr. H. Edward Lane, who ordered several tests. Dr. Lane indicated that Baker could not work as a charter bus driver until further notice due to his medical condition. At the request of

the insurance carrier, Dr. Henry Feffer examined Baker. Dr. Feffer indicated that Baker's condition was caused by a pre-existing arthritic condition, and that the symptoms stemming from the April 1987 injury had abated.

At the joint request of both parties, Baker was examined by Dr. T. Glenn Pait. Dr. Pait indicated initially that "Baker's long-term symptoms most likely relate to a pre-existing osteoarthritis of his spine." He recommended that Baker stand and move about as needed, because arthritic spines have difficulty with prolonged sitting. During his June 1988 deposition, Dr. Pait testified that the April 1987 injury alone did not explain the degree of pain that Baker continued to experience, and that the April 1987 injury aggravated a previously asymptomatic condition.

Baker filed a claim with the District of Columbia Department of Employment Services ("DOES") under the Workers' Compensation Act.[1] Baker sought ongoing temporary total disability benefits from June 27, 1987 when Liberty Mutual suspended voluntary payments. In July 1988, after a full hearing, DOES Hearing Examiner Douglas Seymour denied Baker's request for continued compensation. The hearing examiner found Baker disabled, but concluded that his disability was non-compensable. More specifically he concluded, based on the testimony of Baker and Dr. Lane, that Baker was unable to resume his usual duties as a bus driver. The work-related injury of April 1987 was not the cause of Baker's disability, the hearing examiner determined, because that injury merely aggravated a pre-existing degenerative arthritic condition of the spine. The DOES Director affirmed the hearing examiner's conclusion that Baker's current condition was causally related to the pre-existing osteoarthritis, and therefore the injury was not compensable.

On appeal, Baker contends that (1) DOES failed to apply the statutory presumption of compensability and the "aggravation rule," and (2) the final DOES determination on the issue of causation was not sup-

ported by substantial evidence in the record. Because the record nowhere indicates that DOES considered the statutory presumption of compensability for work-related injuries, we remand this case to DOES for further proceedings.

 In this case it is uncontested that Baker's April 1987 injury arose out of and in the course of his employment as a charter bus driver for Safeway Trails, Inc. According to the Workers' Compensation Act, if a claimant initially demonstrates a disability and a work-related event in a proceeding on a compensation claim, it shall be presumed, in the absence of evidence to the contrary, that the claim comes within the provisions of the Act. D.C.Code § 36–321(1) (1988 Repl.). The statutory presumption operates to establish a causal connection between the disability and the work-related event. *Ferreira v. District of Columbia Department of Employment Services*, 531 A.2d 651, 655 (D.C.1987); *Dunston v. District of Columbia Department of Employment Services*, 509 A.2d 109, 111 (D.C.1986). An employee need not point to a particular work-related event as the source of injury. The aggravation of a pre-existing condition may justify compensation. *Ferreira, supra,* 531 A.2d at 660.

 To rebut the presumption the employer must show by substantial evidence that the disability did not arise out of and in the course of the employment. *Ferreira, supra,* 531 A.2d at 655. We recognize that doubts as to whether the injury arose out of the employment are resolved in the claimant's favor. *See Wheatley v. Adler,* 132 U.S.App.D.C. 177, 182, 407 F.2d 307, 312 (1968) (construing the Longshoremen's and Harbor Workers' Compensation Act, the predecessor of the current Workers' Compensation Act). After the presumption is triggered, it plays no role in determining the nature and extent of the disability. *Dunston, supra,* 509 A.2d at 111.

 In the instant case, neither the DOES Director's affirmance nor the hearing examiner's Compensation Order ad-

---

1. D.C.Code §§ 36–301 to 36–345 (1988 Repl. & 1991 Supp.).

dresses the statutory presumption of compensability for work-related injuries. The presumption is the starting point. On remand, DOES must apply it first, before turning to issues regarding the nature and extent of Baker's disability, and the causal link between the disability and Baker's employment-related activity. DOES must also consider that the aggravation of a pre-existing condition may constitute a compensable injury within the meaning of the Act. *Ferreira, supra,* 531 A.2d at 660.

*Remanded.*