James V. SZEWCZYK, Petitioner,

v.

**DISTRICT OF COLUMBIA POLICE & FIREFIGHTERS RETIREMENT & RELIEF BOARD, Respondent.**

No. 92–AA–550.

District of Columbia Court of Appeals.

Argued Sept. 20, 1993.
Decided Sept. 21, 1993.*

Robert E. Deso, Washington, DC, for petitioner.

Phillip A. Lattimore, III, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief, for respondent.

Before FARRELL and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Petitioner contends there was not substantial evidence in the record to support the decision of the Police and Firefighters Retirement and Relief Board that his disability was not incurred in the performance of duty. D.C.Code § 4–616(a) (1988). We disagree. As the "substantial evidence" test implies, our review of the Board's decision is deferential: so long as, upon examination of the record as a whole, we conclude there was "such relevant evidence as a reasonable mind might accept as adequate to support [the Board's] conclusion," *Baumgartner v. Police & Firemen's Retirement & Relief Bd.*, 527 A.2d 313, 316 (D.C.1987) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)), we may not substitute our judgment for the Board's "even though there may also be substantial evidence in the record to support a contrary finding." *Id.* at 315.

The Board found that petitioner's disabling pain was caused by the disease of

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on September 21, 1993, and is being published upon the court's grant of respondent's motion to publish.

avascular necrosis which affected both of his hips, and that this disease "was *not* incurred during the performance of [petitioner's] duties." Supporting this finding was Dr. Manning's testimony that the fall petitioner had suffered on the job (while chasing a suspect) was not a severe enough trauma to have caused the avascular necrosis, but "most likely aggravated" the pre-existing, non-job related, "degenerative" condition. Dr. Manning's opinion was corroborated by Dr. Lacks, petitioner's treating physician since October 1990.[1] The fact that (as Dr. Manning admitted) "there [was] nothing really that would cause AVN [avascular necrosis] in [petitioner's] past history" did not undercut Dr. Manning's opinion because, as he testified, "there are some cases where people have none of the predisposing factors for AVN and they still develop it."[2] The Board further considered the fact that petitioner's "malady developed on both the *left hip and the right hip*, notwithstanding the lack of an injury to the right hip," in concluding that "the disease was not trauma induced but was degenerative in nature."

Petitioner points to the fact that he "was pain free and fully functional for 19 years as a police officer" until his on-duty injury, and argues that the Board should not be allowed to focus on "the etiology of [asymptomatic or undetected] underlying conditions" rather than on "the trauma-precipitated pain which was the proximate cause of [p]etitioner's disability." This argument confuses a question of proof with the statutory requirements for a higher retirement annuity. D.C.Code § 4–616(a) required the Board to determine whether petitioner's fall caused his disability, either directly or by aggravating a prior *job-related* injury. *E.g.*, *Allen v. District of Columbia Police & Firefighters' Retirement & Relief Bd.*, 528 A.2d 1225, 1231–32 (D.C. 1987). The absence of any visible symptoms of a "degenerative" bone disease before the fall took place was obviously relevant to that determination, but did not relieve the Board of the responsibility to consider whether petitioner's on-duty injury caused his disability or merely aggravated a *non*-job-related disease or injury, thus precluding the greater annuity. The medical evidence, including Dr. Lacks's conclusion that petitioner's fall "aggravated the underlying [non-duty-related] condition," provided substantial support for the Board's finding that petitioner's "malady was not the result of any trauma/injury sustained while performing his police duties."

*Affirmed.*

---

1. In a letter dated January 31, 1991, Dr. Lacks stated that, "while I do not believe that this trauma [*i.e.*, petitioner's on-the-job injury] was the cause of the avascular necrosis, I do believe that this trauma aggravated the underlying condition."

2. Inasmuch as the Board found the evidence of alcohol abuse by petitioner to be "scant," we are satisfied that it did not give undue weight to this evidence by nonetheless stating that alcohol use was "a precipitating factor" in causing the avascular necrosis. In its opinion the Board underscored Dr. Manning's testimony that AVN could develop even though "none of the predisposing factors" (such as alcohol abuse) was present in a given case.