WASHINGTON HOSPITAL
CENTER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

Bertha Carter Anderson, Intervenor.

No. 98–AA–112.

District of Columbia Court of Appeals.

Argued Oct. 12, 1999.

Decided Jan. 20, 2000.

William S. Sands, Jr., with whom John C. Duncan, III, Alexandria, VA, was on the brief, for petitioner.

Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief, for respondent.

Andrew S. Kasmer, Greenbelt, MD, for intervenor.

Before SCHWELB, FARRELL, and WASHINGTON, Associate Judges.

WASHINGTON, Associate Judge:

A Hearing Examiner (Examiner) for the Department of Employment Services (DOES), pursuant to D.C.Code §§ 36–301 et seq. (1981), awarded petitioner Bertha Carter Anderson worker's compensation benefits for medical expenses relating to a foot injury she claimed to have suffered during her employment by Washington Hospital Center (Washington Hospital). Washington Hospital appealed the decision of the Examiner to the Director of DOES on September 19, 1997. The Director affirmed the Examiner's compensation order on January 7, 1998. Washington Hospital timely submitted a petition for review asking this court to vacate the decision of the

Director because: 1) Anderson's condition was an occupational disease as opposed to an accidental injury; and 2) the testimony of Washington Hospital's expert witness, Dr. Abend, was sufficient to rebut the presumption that Anderson's injury was causally related to her job. We discern no error in the Director's ruling that Anderson's condition was an accidental injury, but reverse the Director's decision because, in our view, Dr. Abend's testimony was sufficient to rebut the presumption.

## I. FACTUAL SUMMARY

Anderson was employed by Washington Hospital as a laundry helper from 1968 until July 1993. She was hired and worked in the District of Columbia from 1968 until May 12, 1992. She was then transferred to work in Washington Hospital's facility in Forestville, Maryland, where she worked until July 1993. Part of Anderson's job requirements included walking on a concrete floor and pulling a laundry cart.

In 1985, Anderson began experiencing pain in the left heel of her foot. In 1986, she began experiencing pain in the right heel of her foot. Anderson sought medical assistance in September of 1986 from her primary care provider, Kaiser Permanente, where she was diagnosed with chronic plantar fasciitis.[1] In July of 1992, Anderson applied for worker's compensation benefits, claiming that her foot injury was work related because she was required to stand and walk on concrete floors eight hours a day to fulfill her job obligations.

At an evidentiary hearing, Anderson testified as to her foot injury and job requirements. In support of her case, she also included medical records of her treating physicians at Kaiser Permanente, Harvey M. Cohen, M.D. and Maurice Cates, M.D., as well as the medical records of Major P. Gladden, M.D. and Stephen L. Shapiro,

---

**1.** Plantar fasciitis is an inflammation of the arch of the foot manifested by pain in the heel. 3 J.E. SCHMIDT, ATTORNEYS' DICTIONARY OF MEDICINE 82 (Supp.1992).

M.D. In opposition to Anderson's claim that her foot injury was work related, Washington Hospital submitted testimonial evidence and an evaluation report by Jeffrey A. Abend, M.D. Dr. Abend testified that there was no causal relationship between Anderson's job and her foot injury.

After reviewing the evidence, the Examiner found that Washington Hospital had failed to rebut the presumption that there was a causal connection between Anderson's injuries and her job, and thus awarded Anderson medical expenses for her injury. On internal appeal, the Director found that, based on the medical records of Drs. Shapiro and Cohen, there was substantial evidence in the record to support the Examiner's conclusion that Anderson's injury was job related.

## II. STANDARD OF REVIEW

 Like the Director, this court must affirm the compensation order if the findings of fact contained therein are supported by substantial evidence in the record as a whole and the law has been properly applied. *See* D.C.Code § 36–301. "We examine whether the findings are detailed enough to allow a reviewing court to conclude that the decision followed rationally from the findings of fact." *Sturgis v. District of Columbia Dep't of Employment Servs.*, 629 A.2d 547, 554 (D.C.1993) (citation and internal quotation marks omitted).

## III. ANALYSIS

Washington Hospital contends that the Director erred in ruling that Anderson's condition was an accidental injury as opposed to an occupational disease.[2] An occupational disease differs from an accidental injury in that an occupational disease is expected because the "inherent hazard of continued exposure to conditions of the particular employment" is apparent. *See* 3 A. LARSON, WORKERS' COMPENSATION LAW § 52.03[1] (1999). Thus, categorizing an employee's condition as an occupational disease requires that the particular disease bear a distinctive relation to the nature of his/her employment, "as contrasted with diseases which might just as readily be contracted in other occupations or in everyday life apart from employment." *See id.* § 52.03[2]. Also, this court has articulated that "the statutory language *accidental injury* does not require that an unusual incident be the cause of the injury, but is satisfied if something unexpectedly goes wrong with the human frame." *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.*, 506 A.2d 1127, 1130 (D.C.1986) (emphasis added); *Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 656 (D.C.1987). In *Ferreira*, we expressed that in cases of cumulative exposure to work-related requirements the claimant is not under a duty to provide a specific date or time of the injury, but it is enough that the claimant provide "the period of time during which the symptoms manifested themselves ...." 531 A.2d at 657 n. 6.

 In this case, Dr. Abend's testimony that plantar fasciitis is a condition commonplace in the general population, supported the Examiner's finding that Anderson's condition was not an occupational disease because plantar fasciitis was not peculiar to her employment as a laundry helper. *See* LARSON, *supra.* Additionally, Anderson's testimony evinces that she did not expect to develop a foot injury, but began experiencing pain in the heel of both feet in 1986 while employed by Washington Hospital. *See Washington Metro. Area Transit Auth.*, 506 A.2d at 1130; *Ferreira*, 531 A.2d at 656. Therefore, we find that there was substantial evidence in

---

2. Washington Hospital's argument is based solely on the fact that Anderson's pre-hearing statement and pre-hearing order advanced the theory that her injury was an occupational disease. However, Washington Hospital offers no substantive argument as to why the Examiner's reasons, underlying her finding that Anderson's injury was an accidental injury, were erroneous.

the record to support the Director's determination that Anderson's foot condition was an accidental injury and not an occupational disease.

■■■ Washington Hospital also challenges the Director's decision that the testimony of Dr. Abend was insufficient to rebut the presumption that Anderson's foot injury was causally related to her employment. "In the District of Columbia, injuries suffered by a worker on the job are presumed by statute to be compensable." *Sturgis,* 629 A.2d at 554; *see also* D.C.Code § 36–321(1). "To come within the presumption, a claimant must make an initial showing of some evidence of 'a death or disability and a work-related activity, or requirement which has the potential of resulting in or contributing to the death or disability.'" *Brown v. District of Columbia Dep't of Employment Servs.,* 700 A.2d 787, 791 (D.C.1997). Then, "[t]he presumption operates to establish a causal connection between the disability and work-related event, activity, or requirement." *Id.* "To defeat a claim for compensation the employer must rebut the presumption by offering [substantial] evidence that the claim is not one 'arising out of and in the course of employment.'" *Dunston v. District of Columbia Dep't of Employment Servs.,* 509 A.2d 109, 111 (D.C.1986); *see also Baker v. District of Columbia Dep't of Employment Servs.,* 611 A.2d 548, 550 (D.C.1992). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stewart v. District of Columbia Dep't of Employment Servs.,* 606 A.2d 1350, 1352 (D.C.1992).

■■ Here, Washington Hospital was able to rebut the presumption, and Anderson was then required to prove by a preponderance of the evidence that her foot injury was caused by her job requirements as a laundry helper. *See id.* at 1352–53. After evidence was presented by Anderson detailing her injury, Washington Hospital presented the testimony of Dr. Abend in response. Dr. Abend's report clearly states his medical opinion that there was no connection between Anderson's injuries and her job:

> There is no doubt in my mind that this is not cause and effect from any work environment. I do not think there is any cause and effect relationship to her work. I do not think it has anything to do with her employment. I do not think it was caused or aggravated by working in the laundry area of the Washington Hospital. I think it is something that naturally was going to occur and I do not think it is at all related to her work.... I think this is not related to her work and is a natural course of bone growth and therefore not related to her working environment at the Washington Hospital Center laundry.

Dr. Abend further testified that plantar fasciitis "is something that happens in the natural course of one's life in an individual who has pronating flexible flat feet," as Anderson has.

After reviewing Dr. Abend's testimony, the Examiner concluded that the testimony of Dr. Abend was insufficient to rebut the presumption because he did not testify that Anderson's condition was "exclusively a natural occurrence." On the contrary, the Examiner found Dr. Abend's testimony to have conceded that standing could contribute to or cause the claimant's condition, and thus, supported Anderson's claim.[3] However, the Examiner's findings failed to account for significant parts of Dr. Abend's testimony. He did not testify that standing could cause or contribute to Anderson's condition, but stated rather that "[plantar fasciitis] is a natural[ly] occurring event, and this is going to occur whether you're sitting down, standing up, [or] walking on your hands—if you have

---

**3.** Washington Hospital correctly argues that standing all day may increase the pain associated with plantar fasciitis, but increased pain does not denote that standing on the job caused or contributed to Anderson's condition.

this kind of structural abnormality in your feet." Dr. Abend maintained his position that whether Anderson stood all day was irrelevant to the question of causation because Anderson's condition resulted from a structural abnormality. Dr. Abend's testimony was therefore evidence sufficient to rebut the presumption.

Because the presumption was rebutted by Dr. Abend's expert testimony, the Examiner should have weighed the evidence presented at the hearing to determine if a causal relationship existed between Anderson's job requirements and her injury. *See Stewart,* 606 A.2d at 1352–53. This was not done. Therefore, we remand this case for proceedings not inconsistent with our decision.

Accordingly, the Director's decision is

*Affirmed in part and reversed and remanded in part.*