**Curtis L. ALEXANDER, Petitioner,**

v.

**DISTRICT OF COLUMBIA POLICE & FIREFIGHTERS' RETIREMENT & RELIEF BOARD, Respondent.**

No. 00–AA–132.

District of Columbia Court of Appeals.

Argued Feb. 8, 2001.

Decided Oct. 18, 2001.

James W. Pressler, Jr., Washington, DC, for petitioner.

Sheila Kaplan, Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before STEADMAN, GLICKMAN, and WASHINGTON, Associate Judges.

WASHINGTON, Associate Judge:

The issue on appeal is whether the District of Columbia Police and Firefighters' Retirement and Relief Board ("Board") erred in finding that petitioner Curtis L. Alexander is disabled for useful and efficient service. We vacate the order and remand for further proceedings.

## I.

Alexander was hired as a firefighter for the District of Columbia Fire Department ("Department") on November 15, 1982. On July 18, 1987, Alexander sustained an injury to his left knee when a fire truck backed into him. Alexander continued to experience clicking, popping, and swelling of his knee, despite a period of physical therapy and medical treatment, including surgery. Alexander reported that his knee would intermittently lock or buckle under. Alexander could never resume his duties as a firefighter due to problems with his injured knee, and remained on limited duty in the Department doing clerical and administrative tasks.

On April 20, 1999, the Police and Fire Clinic recommended that Alexander be retired on disability based on the injury sustained to his left knee. A hearing before the Board was held on September 30, 1999, to determine whether Alexander should be retired on permanent disability. The Associate Director of the Clinic, Dr. Thorne, testified that after the trauma to Alexander's knee, he continued to have symptoms, including intermittent intense pain, locking, and giving away of the knee. Dr. Thorne stated that Alexander could never climb or balance, but he could occasionally stoop, kneel, crouch, and crawl. Dr. Thorne testified that Alexander is capable of performing sedentary, light and medium work, but he cannot perform heavy work required of a firefighter. Dr. Thorne further testified that it was his opinion that Alexander's prognosis was poor for improvement to the point that he could ever resume firefighter duties.

Battalion Chief Charles Drumming, the Director of Research and Development of the Fire Department, testified that Alexander had been given some clerical and administrative duties in the Department's Office of the Personnel Liaison after his injury. Chief Drumming testified that the Department had determined that the tasks that Alexander had been performing since his injury could be assumed by the Department's Personnel Liaison Officer and the other administrative officers who are responsible for completing background checks on applicants to the Department. Chief Drumming also stated that after Alexander was retired, the Department would not be hiring anyone to do the clerical duties that he had been performing for

the Personnel Officer. However, if another position in the personnel office was staffed, it would be with a clerk in a DS6–8 position. At the time of Alexander's retirement, he had attained the rank of Firefighter, step 8, at an annual salary of $48,022.[1] Chief Drumming stated that after Alexander injured his knee, he was just detailed to the Personnel Officer to assist with clerical and administrative duties. Alexander, however, was never placed in a budgeted administrative position in the personnel office, was never reclassified, and remained in his original position as a firefighter for the Department.

Although Chief Drumming acknowledged to the Board that several years had passed between the time Alexander was injured and when he was recommended for retirement, he explained that the Department had been precluded from enacting a comprehensive retirement plan for disabled officers because of a cap imposed by Congress on the number of disability retirees. According to Chief Drumming, the Department had begun a concerted effort to retire all firefighters who are unable to perform firefighting duties because of a disability, so as to free up more positions for active firefighters. Pursuant to this policy, Alexander, who was unquestionably disabled from further work as a firefighter, was recommended for disability retirement.

On January 11, 2000, the Board issued its findings of fact and conclusions of law. Based on the medical evidence in the record, the Board found that Alexander should be retired on disability because his injury incurred in the performance of duty precluded him from useful and efficient service with the Department.

## II.

Alexander contends that the Board's finding that he is disabled for useful and efficient service is not supported by substantial evidence and is not in accordance with law. In reviewing a decision of the Board, this court may reverse only if the Board's findings are unsupported by substantial evidence in the record or if the decision is grounded on a mistaken legal premise or manifests an abuse of discretion. *See Allen v. Police and Firefighter's Ret. and Relief Bd.*, 528 A.2d 1225, 1229 (D.C.1987); *Neer v. District of Columbia Police and Firemen's Ret. and Relief Bd.*, 415 A.2d 523, 525 (D.C.1980). Judicial review must be deferential to the Board, and the Board's decision should be affirmed when a consideration of the record as a whole indicates relevant evidence that reasonably support the findings, and the Board has made a correct interpretation of the governing law. *See Szewczyk v. D.C. Police and Firefighters Ret. and Relief Bd.*, 633 A.2d 1 (D.C.1993).

Because the Board concluded that Alexander is disabled for useful and efficient service, pursuant to D.C.Code § 4–607(2) (1994 Repl.), we must determine whether the record contains substantial evidence to support this crucial finding. *Price v. District of Columbia Police and Firefighters' Ret. and Relief Bd.*, 542 A.2d 1249, 1252 (D.C.1988). D.C.Code § 4–607(2) defines the terms "disabled" and "disability" as meaning "disabled for useful and efficient service in the grade or class of position last occupied by the member by reason of disease or injury...." "In essence, the petitioner is entitled to disability retirement if he proves that he is

---

1. Chief Drumming testified that a salary of $48,000 equates to around a civilian DS12, DS13 level.

permanently disabled from the performance of duty (§ 4–616(a)), or, alternatively, if he is partially disabled and has not been provided a position in which he can actually perform useful and efficient service in spite of his partial disability." *DiVincenzo v. District of Columbia Police & Firefighters Ret. and Relief Bd.*, 620 A.2d 868, 871 (D.C.1993) (citing *Martin v. Police & Firefighters Ret. and Relief Bd.*, 532 A.2d 102, 106 (D.C.1987)). The Board must "objectively consider, by reference to evidence, whether the petitioner is actually performing useful and efficient service justifying a full time salary." *Martin*, 532 A.2d at 107. We have held that "useful and efficient service" does not have to be the petitioner's old job. *Di Vincenzo*, 620 A.2d at 871. Instead, " 'useful and efficient service' broadly encompasses any job available to officers of the same rank and salary." *Id.*

■ In the majority of our cases dealing with disability retirement, it is the employee who seeks retirement and the employer who opposes such an action. In such cases, we have held that the burden is on the employee to demonstrate that he or she is unable to perform useful and efficient service. *See DiVincenzo*, 620 A.2d at 871; *Martin*, 532 A.2d at 106. Consistent with our approach in other disability retirement cases, it is the Department in this case which has the burden of establishing that Alexander is unable to perform useful and efficient service for the Department. In order to meet its burden, the Department must not only show that Alexander is disabled for useful and efficient service as a firefighter but must also show that there are no other positions in the Department in the grade or class of position that Alexander last occupied for which he can provide useful and efficient service. *See*

*Wells v. Police & Firefighter's Ret. & Relief Bd.*, 459 A.2d 136 (D.C.1983). Here, the Board's findings that Alexander was unable to perform his duties as a firefighter are unassailable. However, in considering whether Alexander could perform other useful and efficient service within the Department, it appears that the Board shifted the burden of persuasion to Alexander by concluding that Alexander had failed to demonstrate that he was performing, or one assumes, could perform useful and efficient service for the Department in the grade or class of position he last occupied and, thus, the Department was justified in retiring him on disability.

By shifting the burden from the Department to Alexander on this critical issue, however, the Department was never required to fully satisfy its burden of showing in this case, that there were no other positions within the Department for which Alexander could perform useful and efficient service. Because the Board's decision was grounded on the mistaken legal premise that Alexander bore the burden of proof on this issue, the Board failed to make an explicit finding that the Department had satisfied its burden of showing that there was no other position in Alexander's grade or class for which he could provide efficient service. For that reason, we vacate the Board's order and remand this matter for further proceedings consistent with this opinion.

*So ordered.*