Barbara WAUGH, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

Greater Southeast Community
Hospital, Intervenor.

No. 97–AA–476.

District of Columbia Court of Appeals.

Argued Oct. 24, 2001.
Decided Dec. 13, 2001.

Benjamin T. Boscolo, Greenbelt, MD, for petitioner.

Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu, of brief, for respondent.

Alan D. Sundburg, with whom Jeffrey W. Ochsman was on the brief, Washington, DC, for intervenor.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

SCHWELB, Associate Judge:

In this worker's compensation case, which is now more than eleven and one half years old, a DCDOES[1] Hearing and Appeals Examiner denied petitioner Barbara Waugh's claim for benefits for a back condition that Ms. Waugh allegedly sustained, or aggravated, while employed by intervenor Greater Southeast Community Hospital. The examiner found that Ms. Waugh's back problems were not causally related to an injury to her neck that Ms. Waugh had suffered while working at the hospital on March 13, 1990. The examiner also rejected Ms. Waugh's alternative claim that the condition complained of was the result of cumulative trauma sustained on the job.

In an administrative appeal to the Director of DCDOES, Ms. Waugh asserted that the examiner had failed to

1. DCDOES stands for District of Columbia Department of Employment Services.

apply the statutory presumption of compensability to Ms. Waugh's cumulative trauma claim.[2] On February 27, 1997, more than three years after Ms. Waugh filed her appeal, the Director affirmed the examiner's decision. Ms. Waugh then filed a petition for review in this court. We vacate the Director's decision and remand for further proceedings.

## I.

## THE AGENCY PROCEEDINGS

The examiner found that on March 13, 1990, Ms. Waugh, who was then employed by the hospital as a housekeeper, was mopping the floor when she experienced a sharp pain in her neck radiating down into her left shoulder and arm. Ms. Waugh sought medical assistance, and it was determined that she had sustained a cervical disc injury. As a result, Ms. Waugh was unable to return to full-time work for more than ten months. It is undisputed that Ms. Waugh was entitled to compensation for this injury, and her employer voluntarily made appropriate temporary total and partial disability payments.

On January 22, 1991, Ms. Waugh returned to work at the hospital and was assigned to a "light duty" position. Ms. Waugh's new job entailed placing supplies on hospital carts and taking the carts up to the various floors of the institution. On September 25, 1991, while performing her job on "light duty," Ms. Waugh experienced severe and disabling pain in her lower back. She sought medical treatment, and it was determined that she was suffering from degenerative disc disease of the lumbosacral spine. Ms. Waugh has not worked at the hospital since September 25, 1991, and she has applied for worker's compensation for her lower back condition, claiming that the disability arose out of her employment. The employer takes the position that unlike the earlier injury to Ms. Waugh's neck, her back condition is not work-related.

On October 27, 1993, following an evidentiary hearing on April 15 of that year, the examiner denied compensation in an eight-page Compensation Order. According to the examiner's findings, Ms. Waugh's primary treating physician opined that his patient's back condition may be "indirectly related" to her March 13, 1990 neck injury. Ms. Waugh's neurologist, on the other hand, was of the opinion that her symptoms did not reflect any causal connection between her neck injury and the condition of her back. A consulting orthopedic surgeon diagnosed Ms. Waugh's back problem as attributable to pre-existing degenerative disc disease, and he opined that this problem was not causally related to her neck injury. Finding that Ms. Waugh had "testified credibly that she had not been involved in any accidents or incidents after [March 13, 1990]," the ex-

---

**2.** In her Memorandum of Points and Authorities submitted to the Director, Ms. Waugh noted:

> Examiner Boddie found, based on the weight of the evidence, that Ms. Waugh's back condition was not medically causally related to her March 13, 1990 work injury. Ms. Waugh does not presently take exception with that finding.

In her petition for review, Ms. Waugh attempts to resurrect the very claim that she explicitly disclaimed before the Director. This she cannot do. In the absence of exceptional circumstances not present here, this court will not entertain a claim not raised before the agency. *Glenbrook Rd. Ass'n v. District of Columbia Bd. of Zoning Adjustment*, 605 A.2d 22, 33 (D.C.1992). In this case, Ms. Waugh not only failed to present to the agency the claim based on the March 13, 1990 accident, but explicitly conceded the issue before the Director. The record does not support Ms. Waugh's claim at oral argument that this concession was subsequently withdrawn.

aminer found that her back condition was "not causally related to her March 13, 1990 work injury."

The examiner next turned to Ms. Waugh's alternative claim, namely, that her back condition was the result of cumulative trauma sustained while working at the hospital. Ms. Waugh testified that, even in her "light duty" job, she had to do a "lot of bending, pushing, and pulling," as well as loading a large cart. The examiner rejected Ms. Waugh's cumulative trauma claim because, in his view, "[t]he medical evidence indicates that it is more likely that claimant's current back condition is due to degenerative changes of the lumbar spine rather than to any incident at work." The examiner made no finding as to whether the pre-existing condition was aggravated by cumulative trauma.

At all times relevant to this proceeding, our worker's compensation statute has provided:

> In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of evidence to the contrary:
>> (1) That the claim comes within the provisions of this chapter.

D.C.Code § 32–1521(1) (2001).[3] During the course of his extensive analysis of the record with respect to Ms. Waugh's back condition, the examiner made no reference to this statutory presumption of compensability or to the case law construing it.[4] In her administrative appeal to the Director of DCDOES, Ms. Waugh contended that

the Hearing Examiner erred by failing to apply the presumption of compensability to claimant's contention that the back condition, which produced her permanent total disability, was the result of repetitive cumulative trauma in her employment which finally manifested on September 25, 1991.

In her order of February 27, 1997, the Director affirmed the examiner's decision. According to the Director, the examiner's discussion and analysis "clearly indicate[d] that the presumption of compensability was indeed applied." After quoting from the examiner's finding that Ms. Waugh's back condition was probably attributable to degenerative changes in her spine, the Director concluded that the examiner had given the claimant the benefit of the presumption of compensability but had "permissibly determined that [the] employer presented substantial evidence to overcome the presumption." This petition for review followed.

## II.

### LEGAL DISCUSSION

A. *The standard of review.*

■ Under the District of Columbia Administrative Procedure Act (DCAPA), D.C.Code §§ 2–501 *et seq.* (2001),[5] we must sustain the Director's decision unless it is unsupported by substantial evidence in the record as a whole. *See, e.g., The Washington Times v. District of Columbia Dep't of*

---

**3.** This provision was formerly codified in D.C.Code § 36–321(1).

**4.** In footnote 2 to his Compensation Order, the examiner wrote:

> The parties have stipulated, which has been accepted, that the claimant's injury of October 29, 1990[sic] arose out of and in the course of the employment. It is therefore, unnecessary to discuss and apply to

presumptions pursuant to D.C.Code § 36–321(1).

The reference to October 29, 1990 is erroneous; the examiner obviously meant March 13, 1990. The footnote demonstrates, however, that the examiner was aware of the existence of a statutory presumption.

**5.** The DCAPA was formerly codified in D.C.Code §§ 1–1501 *et seq.*

*Employment Servs.,* 724 A.2d 1212, 1216 (D.C.1999) (citation omitted).

In order to pass muster under the DCA-PA,

(1) the agency's decision must state findings of fact on each material, contested factual issue;

(2) those findings must be based on substantial evidence; and

(3) the conclusions of law must flow rationally from the findings.

*Id.* (citation omitted).

■ "[I]t is emphatically the province and duty of the judicial department to say what the law is." *Harris v. Office of Worker's Comp.,* 660 A.2d 404, 407 (D.C. 1995) (quoting *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803)). "Nevertheless, where the meaning of a statutory language is not clear on its face, the court will accord considerable weight to its construction by the agency responsible for administering the statute." *Id.* (citing, *inter alia, Chevron USA, Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

### B. *The statutory presumption.*

The statutory presumption of compensability, see page 4, *supra,* plays a significant role in worker's compensation cases. Indeed, we have characterized the presumption as the "starting point" of the analysis, and we have held the agency must "apply it first." *Baker v. District of Columbia Dep't of Employment Servs.,* 611 A.2d 548, 551 (D.C.1992). We have indicated that at least initially, the presumption defines the legal "lens," *Whittaker v. District of Columbia Dep't of Employment Servs.,* 668 A.2d 844, 847 (D.C.1995), or "prism," *cf. In re Baby Boy C,* 581 A.2d 1141, 1182 (D.C.1990) (per curiam) (Ferren, J., concurring), through which the record must

be viewed. Indeed, failure to consider the presumption may skew the calculus applicable to this type of proceeding. *See, generally, Ferreira v. District of Columbia Dep't of Employment Servs.,* 531 A.2d 651, 655 (D.C.1987) (*Ferreira I* ).

In *Washington Hosp. Ctr. v. District of Columbia Dept' of Employment Servs.,* 744 A.2d 992, 996–97 (D.C.2000), we recently had occasion to discuss in some detail the character and extent of the presumption:

Under the District of Columbia Workers' Compensation Act ("WCA"), once an employee offers evidence demonstrating that an injury was potentially caused or aggravated by work-related activity, a presumption arises that the injury is work-related and therefore compensable under the Act. *See* D.C.Code § 36-321(1). This presumption serves "to effectuate the humanitarian purpose of the statute [and] reflects a 'strong legislative policy favoring awards in arguable cases.' " *Ferreira v. District of Columbia Dep't of Employment Services,* 531 A.2d 651, 655 (D.C.1987) ("*Ferreira I* ") (citing *Wheatley v. Adler,* 132 U.S.App. D.C. 177, 183, 407 F.2d 307, 313 (1968) (en banc)); *accord, e.g., Brown v. District of Columbia Dep't of Employment Services,* 700 A.2d 787, 791 (D.C.1997). In order to benefit from the presumption, an employee need only present "some evidence" of two things: (1) a disability, and (2) "a work-related event, activity, or requirement which has the *potential* of resulting in or contributing to the ... disability." *Ferreira I,* 531 A.2d at 655 (emphasis in original); *accord, e.g., Parodi v. District of Columbia Dep't of Employment Services,* 560 A.2d 524, 526 (D.C.1989). "The presumption then operates to establish a causal connection between the disability and the work-related event, activity, or require-

ment." *Ferreira I*, 531 A.2d at 655; *accord, e.g., Davis–Dodson v. District of Columbia Dep't of Employment Services*, 697 A.2d 1214, 1217 (D.C.1997).

"To rebut the presumption the employer must show by substantial evidence that the disability did not arise out of and in the course of the employment." *Baker, supra*, 611 A.2d at 550. "[T]he statutory presumption may be dispelled by circumstantial evidence specific and comprehensive enough to sever the potential connection between a particular injury and a job-related event." *Ferreira I, supra*, 531 A.2d at 655 (citations omitted). Where such specific and comprehensive rebuttal evidence has been presented, the claimant ultimately has the burden to show, by a preponderance of the evidence, that her disability was caused by the work injury. *Upchurch v. District of Columbia Dep't of Employment Servs.*, 783 A.2d 623, 628 (D.C.2001).

In the present case, the examiner found, on the basis of ample evidence, that the cause of Ms. Waugh's back condition was pre-existing disc disease in her back. This finding could arguably be viewed as sufficiently specific and comprehensive to rebut any presumption that Ms. Waugh's back condition was caused by events related to her employment, and it might to that extent render harmless the examiner's failure to articulate the presumption.

The examiner's finding regarding pre-existing disc disease does not, however, entirely dispose of the claim, for Ms. Waugh's condition was potentially aggravated by the "cumulative trauma" of which she complained. "It is well established in this jurisdiction that a disability resulting from the aggravation of a pre-existing condition is compensable under the WCA." *Washington Hosp. Ctr., supra*, 744 A.2d at 997 (citations omitted). Moreover, the presumption of compensability arises where an injury or condition "was potentially caused *or aggravated* by work-related activity." *Id.* at 996 (emphasis added). Indeed, the employer has not challenged, before the agency or before this court, the applicability of the presumption to Ms. Waugh's cumulative trauma claim. Rather, the employer contends that the examiner implicitly applied the presumption, but that the employer successfully rebutted it. The employer's position was upheld by the Director, who found that the examiner's decision "*clearly indicates* that the presumption of compensability was indeed applied." (Emphasis added.)

But clarity, like beauty, is sometimes in the eye of the beholder. It is undisputed that the examiner made no explicit mention of Ms. Waugh's claim that her condition was aggravated by the work injury. The examiner simply rejected the "cumulative impact" theory because Ms. Waugh was suffering degenerative changes from a pre-existing condition that were not causally related to her work injury. Indeed, the examiner did not address at all the critical question suggested by this record, namely, whether, with the presumption of compensability included in the initial calculus, the record established that Ms. Waugh's activities on the job *aggravated* the condition from which she was previously suffering.

In this case, the examiner's silence on the aggravation theory provides no assurance that he considered it and applied the presumption of compensability, in conformity with the principles subsequently enunciated in *Whittaker* and in later cases, to reach the aggravation of a pre-existing condition. *See, e.g., Washington Hosp. Ctr., supra*, 744 A.2d at 997; *Short v. District of Columbia Dep't of Employment Servs.*, 723 A.2d 845, 850–51 (D.C.1998).

This is not to say that every compensation order "must contain certain magic words in order to demonstrate that the examiner followed the statutory procedures." *Washington Hosp. Ctr., supra*, 744 A.2d at 997. On the contrary, we stated in that case that "[t]he relevant question is not whether the examiner said he applied the statutory presumption, but whether in fact he properly did so." *Id.* The present record, however, is unlike that in *Washington Hosp. Ctr.*, for there is nothing in the compensation order to suggest that the examiner considered the aggravation claim and looked at the record "through the lens, as it were, of the statutory presumption," as interpreted in *Whittaker, supra*, 668 A.2d at 847. Ac-

cordingly, without reaching any question not addressed herein, we vacate the decision of the Director and remand the case for further proceedings before the examiner consistent with this opinion. *See Marie Clark v. District of Columbia Dep't of Employment Servs.*, 772 A.2d 198, 199 (D.C.2001) (remanding for consideration of aggravation claim).

*So ordered.*[6]

---

**6.** Nothing in this opinion should be construed as implying that the medical evidence was either sufficient or insufficient to rebut the presumption of compensability applicable to the aggravation of a pre-existing condition. That question must be explicitly addressed, in the first instance, by the examiner.